UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

CHANEL BOWDEN, on behalf
of herself and those similarly
situated,

    Plaintiff,

vs.                                    CASE NO.:

MONGER ENTERTAINMENT
GROUP, INC. d/b/a
BARNACLES SPORTS BAR &
GRILL, a Georgia Corporation,
SAMPSON B. MONGER,
Individually, and BERNICE P.
MONGER, Individually
    Defendants.               /

**PLAINTIFF'S COMPLAINT & DEMAND FOR JURY TRIAL**
**(Collective Action Complaint)**

Plaintiff, CHANEL BOWDEN, on behalf of herself and those similarly situated ("Plaintiff"), was an employee of Defendants, MONGER ENTERTAINMENT GROUP, INC. d/b/a BARNACLES SPORTS BAR & GRILL, SAMPSON B. MONGER, and BERNICE P. MONGER, (collectively "Defendants"), and brings this action for unpaid minimum wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## I.     NATURE OF SUIT

The FLSA was passed by Congress in 1938.  The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers.  *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).  The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being.  *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1.     This action is brought under the FLSA to recover from Defendants minimum wage compensation, liquidated damages, and reasonable attorneys' fees and costs.

2.     This action is intended to include each and every employee who was subject to the Defendants' tip credit pay scheme within the past three (3) years.

## II.     PARTIES

3.     Plaintiff was an hourly paid service worker ("server") and performed related activities for Defendant in Decatur, Georgia.

4.     Defendant, MONGER ENTERTAINMENT GROUP, INC. d/b/a BARNACLES SPORTS BAR & GRILL (hereinafter "Barnacles") is a domestic corporation existing under the laws of Georgia.  Barnacles may be served with process via service on its registered agent Sampson B. Monger at 1336 Belfaire Trace, Dacula, Georgia 30019.

5.     Defendant Barnacles is subject to the personal jurisdiction of this Court.

6.     Defendant, Sampson B. Monger (hereinafter "Mr. Monger"), is a natural person and may be served with process at his residence in Dacula, Gwinnett County, Georgia, or wherever he may be found.

7.     Defendant Mr. Monger is subject to the personal jurisdiction of this Court.

8.     Defendant Bernice P. Monger (hereinafter "Ms. Monger") is a natural person and may be served with process at her residence in Dacula, Gwinnett County, Georgia, or wherever she may be found.

9.     Defendant Ms. Monger is subject to the personal jurisdiction of this Court.

10. Venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

### III. JURISDICTION

11. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

### IV. COVERAGE

12. At all material times during the last three years (2015-2018), Defendant Barnacles, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

13. At all material times during the last three years (2015-2018), Defendant Barnacles, was an employer as defined by 29 U.S.C. § 203(d).

14. At all material times during the last three years (2015-2018), Defendant Barnacles, has had an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00), exclusive of excise taxes at the retail level which are separately stated.

15. At all material times relevant to this action (2015-2018), the Defendant Barnacles has had two or more employees engaged in interstate commerce, producing goods for commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce.

16. At all material times relevant to this action (2015-2018), Defendant Barnacles has had two or more employees who routinely ordered materials or supplies such as office supplies and equipment, food service products, and food preparation products from out of state vendors.

17. At all material times relevant to this action (2015-2018), Defendant Barnacles has had two or more employees who used the telephone and/or computers to place and accept business calls with out of state vendors on a daily basis in the normal course of its business.

18. Additionally, Plaintiff was an employee of Barnacles and was, at all times relevant to this action (2015-2018), individually engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1) as she was required to communicate with out of state customers and accept payment from customers using credit cards issued by out of state financial institutions on a daily basis.

19. At all times relevant to this action, Mr. Monger regularly exercised the authority to hire and fire employees of Barnacles.

20. At all times relevant to this action, Mr. Monger determined the work schedules for the employees of Barnacles.

21. At all times relevant to this action, Mr. Monger controlled the finances and operations of Barnacles.

22. By virtue of having regularly exercised that authority on behalf of Barnacles, Mr. Monger is an employer as defined by 29 U.S.C. §201, et seq.

23. At all times relevant to this action, Ms. Monger regularly exercised the authority to hire and fire employees of Barnacles.

24. At all times relevant to this action, Ms. Monger determined the work schedules for the employees of Barnacles.

25. At all times relevant to this action, Ms. Monger controlled the finances and operations of Barnacles.

26. By virtue of having regularly exercised that authority on behalf of Barnacles, Ms. Monger is an employer as defined by 29 U.S.C. §201, et seq.

27. Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff, and those similarly situated, are in the possession, custody and control of Defendants.

## V. FACTUAL ALLEGATIONS

28. Defendants own and operate a business enterprise known as Barnacles Sports Bar and Grill with locations in Duluth, Fulton County, Georgia, and Decatur, DeKalb County, Georgia.

29. Defendants employ several servers, hosts, bussers, runners, and bartenders.

30. Plaintiff Bowden worked for the Defendants as a server from approximately May of 2018 through November of 2018.

31. At all relevant times, Plaintiff has not been subject to any exemption from the minimum wage pay requirements of the FLSA.

32. At all relevant times, Plaintiff was compensated at an hourly rate of approximately $2.13 per hour for her work as a server.

33. At no time during her employment with Defendants was Plaintiff compensated on a salary basis.

34. Throughout Plaintiff's employment with Defendants, Defendants failed to notify Plaintiff of the provisions of FLSA § 3(m), 29 U.S.C. § 203(m).

35. Throughout Plaintiff's employment with Defendants, Defendants required Plaintiff and other tipped Barnacles employees to pay a "house fee" to "back of house" Barnacles employees.

36. Throughout Plaintiff's employment with Defendants, Plaintiff did in fact pay a "house fee" to Defendants each shift that she worked.

37. The "house fees" paid by Plaintiff to Defendants were "kickbacks" within the meaning of 29 C.F.R. § 531.35, and in violation of the FLSA's requirement that minimum wages be paid "free and clear."

38. At all relevant times, Defendants were not entitled to utilize the FLSA's tip credit provision to credit Plaintiff's tips towards a portion of their minimum wage obligations.

39. In each workweek during the relevant time period, Defendants failed to compensate Plaintiff at or above the federal minimum wage of $7.25 per hour for each hour worked.

40. Defendants have employed and are currently employing other individuals such as Plaintiff who perform(ed) the same or similar job duties under the same pay provision as Plaintiff and the class members.

## VI. COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff and the class members performed the same or similar job duties as one another in that they provided restaurant services for Defendants.

42. Plaintiff and the class members were required to tip back of house Barnacles employees each shift in violation of the FLSA's requirement that minimum wages be paid "free and clear."

43. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were subject to working without receiving proper compensation in the form of a free and clear minimum wage.

44. Defendants' common policy violations have caused Plaintiff and the class members to receive less than minimum wage for all hours worked.

45. Thus, the class members are similar with regard to their wages for the same reasons as Plaintiff.

46. These policies or practices were applicable to Plaintiff and the class members. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices which resulted in the non-payment of federally mandated minimum wages to Plaintiff apply to all class members. Accordingly, the class members are properly defined as:

> **All service employees subject to Defendants' minimum wage violations, who worked at Defendants' restaurant within the last three years**

47. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff and the class members at a rate of at least the statutorily prescribed minimum wage.

48. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

49. During the relevant period, Defendants violated § 7(a)(1), § 15(a)(2) and § 203(m), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid,

for one or more workweeks without compensating such employees for their work at the statutorily prescribed minimum wage within a work week during one or more weeks.

50. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

### COUNT I - RECOVERY OF MINIMUM WAGES

51. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-50 above as though fully stated herein.

52. Plaintiff and those similarly situated employees are/were entitled to be paid minimum wage for each hour worked during their employment with Defendants.

53. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate Plaintiff for the same as a result of the facts asserted in ¶¶28-50.

54. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendants, because she did not receive the statutorily prescribed minimum wage as a result of Defendants' improper tip out requirements.

55. Defendants willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206 because it was well aware of the minimum wage law requirements but continued its violations.

56. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff, and those similarly situated employees, has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

57. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, CHANEL BOWDEN, on behalf of herself and those similarly situated employees, demands judgment against Defendants, MONGER ENTERTAINMENT GROUP, INC. d/b/a BARNACLES SPORTS BAR & GRILL, SAMPSON B. MONGER, and BERNICE P. MONGER, for the payment of all hours worked at a rate of not less than the statutorily prescribed minimum wage for the hours worked by them for which Defendants did not properly compensate them, liquidated damages or if liquidated damages are not awarded then pre-judgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any other relief this Court determines to be just and appropriate.

Dated this 19th day of July, 2019.

                              Respectfully submitted,

                              **_s/ Carlos V. Leach_**
                              Carlos Leach, Esquire
                              GBN: 488443
                              THE LEACH FIRM, P.A.
                              20 N. Orange Ave., Ste. 1400
                              P.O. Box 4979
                              Orlando, FL 32802-4979
                              Telephone: (407)420-1414

Facsimile: (407) 420-5956
Email: cleach@theleachfirm.com
Email: yhernandez@theleachfirm.com

*Counsel for Plaintiff*